# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN POMRANING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-00664-GKF-TLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Defendant United States of America, appearing by Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, through Wyn Dee Baker, Assistant United States Attorney, moves the Court to dismiss Plaintiff's Complaint (Dkt. # 2) under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. In support of this motion, the Defendant states the following.

The instant lawsuit is an action for alleged professional negligence in the form of medical care which Plaintiff claims fell below the standard of care. Plaintiff alleges the existence of subject matter jurisdiction against the United States under 28 U.S.C. § 1346(b), which provides for jurisdiction when a claim is properly made under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA). However, Plaintiff failed to attach the affidavit required under substantive Oklahoma law concerning consultation with or review by a qualified expert. This Court therefore lacks subject matter jurisdiction over Plaintiff's Complaint.

**I.      Oklahoma law requires that Plaintiff attach a "professional negligence" affidavit to the petition.**

Under Oklahoma law, a plaintiff in an action alleging professional negligence, except upon application and upon good cause shown, must attach to the petition an affidavit attesting that:

   a.    the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,

   b.    the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted professional negligence, and

   c.    on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.

Okla. Stat. tit. 12, § 19 A.1. This statutory section further requires that the written opinion from the qualified expert "shall state the acts or omissions of the defendant or defendants that the expert then believes constituted professional negligence and shall include reasons explaining why the acts or omissions constituted professional negligence." Okla. Stat. tit. 12, § 19 A.3.

"If the affidavit is not attached, the court may, upon application of the plaintiff for good cause shown, grant an extension of time not exceeding ninety (90) days after the date the petition was filed. 12 O.S. § 19(B)(1). Otherwise the court must, upon motion of the defendant, dismiss the action without prejudice. 12 O.S. § 19(B)(2)." *Flud v. United States, ex rel. Dep't of Veterans Affairs,* slip op., No. 10-CV-725-GKF-TLW, 2011 WL 2551535, (N.D. Okla. Jun. 27, 2011).[1]

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## II. Oklahoma's professional negligence affidavit requirement is applicable to this FTCA based professional negligence claim.

Sovereign immunity generally shields the United States and its agencies from suit. *Normandy Apartments, Ltd. v. U. S. Dep't of Hous. & Urban Dev.,* 554 F.3d 1290, 1295 (10th Cir. 2009). Consequently, the United States is immune to litigation except according to the specific terms of any consent to be sued. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767 (1941). The FTCA operates as a limited waiver of sovereign immunity in cases alleging personal injury caused by federal agents acting within the scope of their duties. 28 U.S.C. §§ 1364, 2671-2680. In a suit arising under the FTCA, the court must apply the substantive "law of the place where the act or omission occurred" and consider the United States as though it were a private party liable to the claimant. 28 U.S.C. § 1346(b)(1); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). The phrase "law of the place" has been interpreted to mean the law of the State. *Meyer*, 510 U.S. at 478.

The actions of which Plaintiff complains occurred in Oklahoma (Dkt. # 2 at 1). Plaintiff filed her Complaint in the instant action for professional negligence on October 26, 2011, without the affidavit required by Oklahoma law. Federal courts have consistently found that good faith certification statutes (such as Oklahoma's professional negligence statute) constitute state substantive law and apply to claims made against the United States under the FTCA. *Williams v. United States,* 754 F. Supp. 2d 942, 952-953 (W.D. Tenn. Nov. 16, 2010); *Daniel v. United States,* 716 F. Supp. 2d 694 (N.D. Ohio Feb. 5, 2010); *Luckett v. United States,* slip op., No. 08-CV-13775, 2009 WL 1856417 (E.D. Mich. Jun. 29, 2009); *Lopez v. Brady,* Civil No. 4:CV-07-1126, 2008 WL

4415585 (M.D. Pa. Sep. 25, 2008); *Oslund v. United States,* 701 F. Supp. 710, 714 (D. Minn. Dec. 20, 1988).

The Tenth Circuit has determined that a similar good faith certificate of review statute in Colorado, requiring a certificate of review by a professional with expertise in the area of alleged professional negligence within a specified number of days of filing the complaint, is a substantive rule of law. It reasoned that failing to apply the Colorado statute would lead to "substantially different" outcomes at the state and federal levels. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540-1541 (10th Cir. 1996). The Tenth Circuit subsequently reiterated this holding and concluded that, since state substantive law applies to suits brought against the United States under the FTCA, the certificate of review statute is applicable to professional negligence claims brought against the United States under the FTCA. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1117 (10th Cir. 2004). The Court in *Hill v. SmithKline* upheld the district court's dismissal of the lawsuit for failure to file the required certificate of review. This Court has previously determined that Okla. Stat. tit. 12, § 19 A is similar in aim and structure to the Colorado certificate of review statute and constitutes substantive law which is applicable to a medical negligence action brought pursuant to the FTCA. *Flud v. United States, ex rel. Dep't of Veterans Affairs,* slip op., No. 10-CV-725-GKF-TLW, 2011 WL 2551535, (N.D. Okla. Jun. 27, 2011). Thus, Plaintiff's failure to comply with this provision requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Based upon the foregoing citations of law and arguments, the United States requests that this action be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

UNITED STATES OF AMERICA

THOMAS SCOTT WOODWARD
United States Attorney


/s/ Wyn Dee Baker
WYN DEE BAKER, OBA #465
Assistant United States Attorney
U.S. Attorney's Office NDOK
110 West 7th Street, Suite 300
Tulsa, Oklahoma  74119-1013
Telephone (918) 382-2700
Facsimile (918) 560-7939
wyndee.baker@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I electronically transmitted the foregoing DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony M. Laizure, tlaizure@stipelawtulsa.com
Attorney for the Plaintiff


/s/Carie McWilliams
CARIE MCWILLIAMS
Legal Assistant

WDB/csm